IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 23 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| DAWN A. CADDELL, ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § NO. 4:14-CV-909-A |
| | § |
| OAKLEY TRUCKING, INC., ET AL., | § |
| | § |
| Defendants. | § |

### MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion of defendants, Oakley Trucking, Inc. ("Oakley"), and Jilleta Baxter ("Mrs. Baxter"), as Executrix of the Estate of John Patrick Baxter, Deceased, for summary judgment. The court, having considered the motion, the response of plaintiffs, Dawn A. Caddell ("Caddell") and Louis Delarosa ("Delarosa"), the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted in part.

I.

### Plaintiffs' Claims

On October 3, 2014, plaintiffs filed their original petition against defendants, Oakley and "Jilleta Baxter, "as an Heir to the Estate of John Patrick Baxter, Deceased, or as an Executrix, Administrator, or Personal Representative of the Estate of John

Patrick Baxter, Deceased,"[1] in the 271st District Court of Wise County, Texas. On November 10, 2015, defendants filed their notice of removal, bringing the action before this court. On December 1, 2014, plaintiffs filed their first amended complaint, and on September 22, 2015, having received leave of court, they filed their second amended complaint.

Plaintiffs seek to recover damages they say they suffered by reason of a motor vehicle collision that occurred October 9, 2012, in Decatur, Texas. On that date, Mr. Baxter was driving a tractor-trailer unit in a southerly direction on U.S. Highway 81 when his truck went out of control and traveled down the highway embankment, across the service road of U.S. 81, jumped over a curb, hit and knocked down a tree, and was in the process of jackknifing when it collided with a vehicle occupied by Caddell, who was parked in the parking lot of a fast-food restaurant. Plaintiffs allege that the vehicle Mr. Baxter was operating was

---

[1]The language in quotation marks is the language used by plaintiffs in their second amended complaint in describing the capacities in which Mrs. Baxter is being sued. The court is puzzled why plaintiffs were not able by the time they filed their second amended complaint about two months ago to accurately define the capacity in which they were suing Mrs. Baxter. If, in fact, there is a personal representative of the estate of John Patrick Baxter ("Mr. Baxter"), that personal representative would be the sole and only party to be joined as a defendant for the purpose of seeking recovery from the assets of the estate. Plaintiffs do not make any allegations that would support a conclusion that Mrs. Baxter has any personal liability to plaintiffs, and the court is proceeding on the assumption that they make no such claim.

2

owned by Oakley and was being driven at the time of the accident by Baxter as an employee of Oakley.[2]

Plaintiffs' claims against Oakley are two-pronged. First, plaintiffs claimed that the accident resulted from negligent conduct on the part of Mr. Baxter and that as the employer of Mr. Baxter Oakley has vicarious liability under the doctrine of respondeat superior for Mr. Baxter's conduct. Second, plaintiffs alleged that Oakley itself was negligent in not taking steps that would have prevented Mr. Baxter from losing control of his truck and colliding with the vehicle occupied by Caddell. Presumably by naming Mrs. Baxter in various capacities related to the estate of Mr. Baxter, plaintiffs are asserting a claim against Mrs. Baxter in a capacity or capacities that would permit them to recover damages to which they prove themselves entitled from the assets, if any, of Mr. Baxter's estate.

Caddell is seeking recovery of damages resulting from injuries she suffered as a direct and proximate result of the collision. Delarosa, who was alleged to be the spouse of Caddell, is seeking to recover loss of consortium and mental

---

[2]The summary judgment record indicates that Mr. Baxter owned the vehicle, but was leasing it to Oakley and was operating it pursuant to a lease or other kind of agreement with Oakley. The parties seem to be in agreement that whatever relationship existed between Mr. Baxter and the vehicle, on the one hand, and Oakley, on the other, caused Mr. Baxter to be the equivalent of an employee of Oakley at the time of the accident.

anguish he has suffered in the past and in the future as a direct and proximate result of the collision.

## II.

### Grounds of the Motion

Defendants present their motion on the assumption that the summary judgment record conclusively establishes that Mr. Baxter lost control of his vehicle by reason of a physical condition of which neither Mr. Baxter nor Oakley had knowledge prior to the collision. The two grounds defendants assert in support of their motion are essentially the same, that is, that defendants cannot be liable for negligence or negligence per se (and Oakley cannot be vicariously liable) due to Mr. Baxter becoming incapacitated by reason of an unforeseen physical condition. They point to the summary judgment evidence that after the accident Mr. Baxter was diagnosed for the first time with a malignant brain tumor and died within a few months thereafter.

## III.

### Analysis

A.  Pertinent Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ.

4

P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986). In <u>Mississippi Prot. & Advocacy Sys., Inc. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not,

5

as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[3]  Celotex Corp., 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

B.  Elements of a Negligence Cause of Action

The elements of a negligence cause of action are the existence of a legal duty, a breach of the duty, and damages proximately caused by the breach. IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004). The components of proximate cause are cause-in-fact and foreseeability. Western Ivestments, Inc. v. Urena, 162 S.W.3d 547, 551 (Tex. 2005). The legal definition in Texas of the essential element "proximate cause" is as follows:

> "Proximate cause" means <u>a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred</u>.  In order to be a proximate cause, the act or

---

[3] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

6

>omission complained of must be such that a person using ordinary care would have foreseen that the occurrence, or similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

Comm. on Pattern Jury Charges, State Bar of Tex., Tex. Pattern Jury Charges (2014), PJC 2.4 at 37 (emphasis added).

In Texas, unforeseeable incapacity is a bar to negligence liability based on the principle that one is not negligent if an unforeseeable occurrence causes an injury. In other words, incapacity is an intervening cause and there is no duty to guard against the unforeseeable. Harvey v. Culpepper, 801 S.W.2d 596, 598 (Tex. App.-Corpus Christi 1990, no writ). See also Piatt v. Welch, 974 S.W.2d 786, 788 (Tex. App.-El Paso 1998, no writ); First City Nat'l Bank v. Japhet, 390 S.W.2d 70, 72 (Tex. Civ. App.-Houston 1965, writ dism'd).

C. Plaintiffs' Claims Based on the Alleged Negligence of Mr. Baxter

Plaintiffs include in their response to the motion for summary judgment an assertion that "a fact question exists as to whether Mr. Baxter was actually 'incapacitated' at the time of the accident." Doc. 48 at 21. They suggest that the summary judgment record could support a finding by a fact finder that (1) Mr. Baxter was distracted by participating in a three-way cell phone conversation at the time he lost control or (2) that Mrs.

7

Baxter and the Oakley employee who were the other parties to that conversation were not credible relative to the existence of the conversation and that "Mr. Baxter simply went off the road due to his own inattention." Id. The court is inclined to think that those alternative reasons suggested as the cause of Mr. Baxter's loss of control of his vehicle go so far against the evidence established by the summary judgment record that a rational trier of fact could not accept such a theory and would find that the collision between Mr. Baxter's truck and the vehicle occupied by Caddell was caused by Mr. Baxter's brain tumor. However, the court does not need to resolve that question at the summary judgment stage because the court is assuming that the evidence in the summary judgment record would support a finding that Mr. Baxter had sufficient indication of the seriousness of his physical condition prior to the accident and that he was guilty of causative negligence in embarking on the trip that terminated with the collision in question. The court can foresee that there are serious questions that would have to be resolved by the fact finder in favor of the plaintiffs before it could make such a finding, but as the record now stands the court tentatively has concluded that fact issues exist for resolution by the fact finder of causative negligence on the part of Mr. Baxter that could lead to liability on the part of his estate to one or both

of the plaintiffs and liability to one or both of the plaintiffs on the part of Oakley by way of vicarious liability under the doctrine of respondeat superior.

D.  The Summary Judgment Record Does Not Raise an Issue as to Causation Related to Any of the Conduct of Oakley Alleged by Plaintiffs to Be Negligence

The summary judgment record establishes without genuine dispute that Oakley's first knowledge that Mr. Baxter had a physical impairment was when one of its employees, Brian Hill, learned of Mr. Baxter's difficulty when he received a call from Mrs. Baxter shortly before Mr. Baxter lost control of the vehicle.[4] After he received that call, he promptly called Mr. Baxter over a cell phone and unsuccessfully tried to learn from Mr. Baxter where he was located and unsuccessfully urged Mr. Baxter to pull off the road and quit driving.

Plaintiffs, through their expert, suggest several things that, according to the expert, Oakley should have done but did not do prior to Mr. Baxter's loss of control of his vehicle on October 9, 2012. Doc. 49 at 80-81. Conspicuously absent from the summary judgment record, however, is any evidence that the doing of any of the things suggested by the expert would have prevented the collision about which plaintiffs complain.

---

[4] Mr. Baxter had undergone a medical examination for a commercial driver fitness determination in March 2012, which cleared him as having "no problems or restrictions." Doc. 37 at App. 0024.

9

Considering that only a short period of time elapsed between the time Oakley first learned that Mr. Baxter was having a physical problem and the occurrence of the collision, the probability is that there was nothing Oakley could have done that would have made a difference. In any event, plaintiffs' summary judgment burden was to provide probative summary judgment evidence from which a fact finder could find that if Oakley had done one or more of the things plaintiffs say it should have done before the collision, Mr. Baxter's loss of control of his truck on the occasion in question would not have occurred. If a fact finder were called upon to decide the proximate cause issue related to any of the alleged negligent conduct of Oakley, the fact finder would be left to speculate as to whether the conduct was "a cause that was a substantial factor in bringing about [the collision], and without which [the collision] would not have occurred." <u>Supra</u> at 6-7. Even if the assumption were to be made that plaintiffs' expert correctly espoused, after the fact, one or more things that Oakley should have done but failed to do before the collision, the record is devoid of any evidence upon which a fact finder could base a finding that causation of the kind required by Texas law existed.

Therefore, the court has concluded that summary judgment should be granted as to all theories of recovery alleged by plaintiffs against Oakley based on Oakley's conduct as distinguished from vicarious liability based on Mr. Baxter's conduct.

IV.

Order

For the reasons discussed herein,

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted in part, that plaintiffs take nothing on their claims against Oakley based on Oakley's conduct (alleged negligence and negligence per se), and that such claims be, and are hereby, dismissed.

The court further ORDERS that the motion be, and is hereby, otherwise denied.

SIGNED November 23, 2015.

_____
JOHN McBRYDE
United States District Judge